**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**FLORENCE DIVISION**

| | | |
|---|---|---|
| **Janet Foster, individually and as Administratrix of the Estate of Alan Foster, deceased,** | ) ) ) ) | |
| **Plaintiffs,** | ) ) | **Case No. 4:22-CV-02396-JD** |
| **v.** | ) ) ) | |
| **Kia Corporation, Kia America, Inc., and PV Holding Corp.,** | ) ) ) | |
| **Defendants.** | ) | |

Plaintiff Janet Foster amends her complaint with the written consent of the defendants under Rule 15(a)(2), FRCP.  Alan Foster passed away following the initiation of this suit and, as such, Plaintiff amends her complaint for the purpose of substituting herself as the administratix of the Estate of Alan Foster and adding survival and wrongful death claims as set forth more fully below.

## PLAINTIFF'S FIRST AMENDED COMPLAINT

### (Jury Trial Requested)

COMES NOW Plaintiff Janet Foster, individually and as Administratrix of the Estate of Alan Foster, and alleges as follows:

**PARTIES**

1.     Janet Foster is a citizen and resident of Clark County, Ohio.  Janet Foster is the duly appointed personal representative of the Estate of Alan Foster. Plaintiffs' decedent, Alan Foster was a resident of Clark County, Ohio at the time of his death.  The Estate of Alan Foster is under probate in Clark County, Ohio.

2.     Defendant Kia Corporation ("KC") is a foreign corporation with its principal place of business located in Seoul, South Korea.  KC may be served by registered mail with Summons and Complaint pursuant to Article 10(a) to The Convention on The Service Abroad Service of Judicial or Extrajudicial Documents in Civil or Commercial Matters, commonly referred to as The Hague Convention at: 231, Yangjae-dong, Seocho-gu Seoul, 137-938, Republic of Korea.  Defendant KC is subject to the jurisdiction and venue of this Court.

3.     Defendant Kia America, Inc. ("KA") is a California corporation with its principal place of business in Irvine, California.  KA is a wholly-owned subsidiary of KC.  Defendant KA is subject to the jurisdiction and venue of this Court.

4.     Defendant PV Holding Corp ("PV") is a corporation organized and existing under the laws of the State of Delaware that is registered to do business in this state.  PV is subject to the jurisdiction and venue of this Court.

5.     This is a wrongful death action brought pursuant to South Carolina Code §15-51-10, et seq., for the benefit of the beneficiary of Alan Foster,

specifically for Janet Foster. Moreover, this is a survival action brought pursuant to South Carolina Code §15-5-90, et seq., for the benefit of Alan Foster for conscious pain and suffering.

### JURISDICTION / VENUE

6.    Plaintiff incorporates all paragraphs above as if fully stated herein.

7.    This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332 because the matter in controversy exceeds $75,000.00, exclusive of interest and costs, and is a civil action in which the parties are citizens of different states.

8.    Defendant KC was and is in the business of designing, testing, manufacturing, marketing, and supplying automobiles in the United States, including South Carolina. Defendant KC regularly does business in South Carolina, derives substantial revenue from goods used and consumed in South Carolina, and has committed a tortious act in South Carolina which has resulted in injury.

9.    Defendant KA was and is in the business of designing, testing, manufacturing, marketing, and supplying automobiles in the United States, including South Carolina. Defendant KA regularly does business in South Carolina, derives substantial revenue from goods used and consumed in South

Carolina, and has committed a tortious act in South Carolina which has resulted in injury.

10.     Defendant PV was and is engaged in the business of purchasing, marketing, and leasing motor vehicles in the United States and in South Carolina. Defendant PV regularly does business in South Carolina, derives substantial revenue for its lease of goods used or consumed and services rendered in South Carolina, and has committed a tortious act in South Carolina which has resulted in injury.

11.     This Court has specific personal jurisdiction over KC and KA because they have purposefully availed themselves of the privilege of conducting activities in South Carolina, and Plaintiffs damages arise out of or relate to those activities. These Defendants purposefully placed their vehicles into the stream of commerce within South Carolina and throughout the United States, and placed Kia vehicles into the stream of commerce with the awareness that the Forte was being marketed in South Carolina.

12.     KC and KA are each a manufacturer, distributor, importer and provider of passenger vehicles, or components, technical services, dealership support, financial services, regulatory liaison services, legal services, product warranty and recall services, and/or promotional services in support of Kia's strategic plan to increase sales in all of the United States, including South Carolina.

4

13.     KC and KA each design, manufacture, service, finance, promote, export, provide warranty support, perform recall obligations, and/or assure compliance with regulatory standards, laws and regulations for their vehicles, including those sold in the United States.

14.     KC and KA recognize that the market for their product, Kia passenger vehicles, is global. They acknowledge and calculate that this global market includes the United States and each State in the United States. They are also aware and intend that their product will be used in the United States and each State in the United States. They are aware and intend that their product will be used extensively in each State and know that the vehicles will become involved in traffic accidents in each State. They are aware of the importance of automobile design to the potential for injury and that defects in their vehicles can and will result in injuries. They promote and advertise their commitment to safety to potential customers in the United States, including South Carolina.

15.     Federal Motor Vehicle Safety Standards (FMVSS's) create safety standards that are applicable to Kia vehicles and apply to Kia vehicles in each and every State. As part of its specific plan to increase global sales with a specific focus on the United States, Kia attempted to produce vehicles that comply with FMVSS's.

16.    KC and KA make all final decisions on recalling defective vehicles in the United States, including South Carolina, and are the agents' communicating recalls and Tread Act decisions to the United States regulatory bodies.

17.    KC and KA maintain websites for the purpose of promoting and selling vehicles to customers in the United States, and every State therein, including South Carolina.

18.    KC and KA allocated to existing dealerships the right to promote and advertise Kia passenger vehicles to South Carolina residents and in South Carolina media.

19.    Maintaining jurisdiction over KC and KA does not work a constitutionally prohibited hardship or a denial of due process.

20.    Defendant PV maintains business operations within South Carolina through its retail operation of car rental services under the Avis and Budget trade names.

21.    Defendant PV maintains a car rental business enterprise that operates out of the Myrtle Beach International Airport where Defendant PV leased, and Plaintiffs took possession, of the subject vehicle.

22.    Defendant PV purchased the subject vehicle for its South Carolina operations and had it shipped from KC, KA, or their agents, to Defendant PV to its business operations at 5501 Porsche Blvd. Bldg. 300 Charleston SC 29418.

23.     Defendant PV registered and titled the subject vehicle in South Carolina.

24.     Every cause of action alleged against these Defendants arises out of the lease of the subject vehicle in South Carolina and a crash involving the subject vehicle which occurred in Brunswick County, North Carolina on June 3, 2021.

25.     Venue is proper in this District under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this District.  The vehicle was purchased in this District, delivered / shipped to this District, rented by Plaintiffs in this District for use in this District, and was used in this District.  KC and KA has also marketed, advertised, sold, and leased identical vehicles within this District.

### FACTUAL ALLEGATIONS

26.     Plaintiffs incorporate all paragraphs above as if fully stated herein.

27.     On May 31, 2021, Plaintiffs rented a 2021 Kia Forte from Budget rental car at the Myrtle Beach airport in Myrtle Beach, South Carolina.

28.     Plaintiffs then drove the 2021 Kia Forte to North Carolina to attend their granddaughter's high school graduation.

29.     On June 3, 2021, they were traveling south on US 17 back to the Myrtle Beach airport from North Carolina to return their rented 2021 Kia Forte before flying home to Ohio.

30.     On June 3, 2021, at approximately 7:45 a.m., Alan Foster was driving the rented 2021 Kia Forte and Janet Foster was the front seat passenger.  As they were coming up behind a garbage truck being driven by Steven Moore, Alan Foster slowed his vehicle.  A 2016 Cadillac being driven by Angela Hylton failed to slow and collided into the rear of the Plaintiffs' rental car.

31.     The rear impact from the Hylton vehicle caused the Kia Forte to run off the road to the right and struck a utility pole.

32.     Alan and Janet Foster were both wearing the available seat belts.

33.     During the collision, the front driver's seat in the Kia Forte failed and Alan Foster sustained catastrophic injuries, including paralysis.

34.     The injuries Alan Foster sustained ultimately contributed to his death.

35.     The injuries sustained by Alan and Janet Foster were directly and proximately caused by the negligence of Defendants KC and KA and PV and enhanced by defects in the design and crashworthiness of the Kia Forte.

## CAUSES OF ACTION

### Count 1:  Strict Products Liability

36.    Plaintiff incorporates all prior paragraphs.

37.    At all times, the Defendants were "sellers" of the 2021 Kia Forte as that term is used and defined in S.C. Code § 15-73-10, et seq.

38.    The Kia Forte rented by Alan and Janet Foster, and the component parts, including the front seats, utilized for the manufacture of the vehicle were designed, manufactured, assembled, tested, distributed, sold and leased by the Defendants in a defective condition unreasonably dangerous to persons using it for its foreseeable and intended purposes.

39.    The Kia Forte was in substantially the same condition at the time of the accident as it was when it left the exclusive possession and control of the Defendants.

40.    As a direct and proximate result of the Defendants' strict liability, the Plaintiffs have been injured and damaged as set forth above.

### Count 2:  Breach of Express Warranty

41.    Plaintiff incorporates all prior paragraphs.

42.    Defendants expressly represented through advertising that said Kia Forte was safe for use, fit for the purpose intended, and of merchantable quality by warranting that said the Forte was a safe and effective means of transportation.

9

43. The said Forte did not conform to the affirmations made by the Defendants and upon which Plaintiffs relied.

44. As a direct and proximate result of the Defendants' breach of express warranty, the Plaintiffs have been injured and damaged as set forth above.

## Count 3:  Breach of Implied Warranties

45. Plaintiff incorporates all prior paragraphs.

46. In manufacturing, labeling, promoting, distributing, leasing and otherwise placing said Forte into the stream of interstate commerce, the Defendants impliedly warranted that it was merchantable and fit for the particular purpose for which it was sold.

47. The Forte was in substantially the same condition at the time of the accident as it was when it left the exclusive control of Defendants.

48. The Forte was not merchantable or fit for the particular purpose for which it was sold in that the vehicle was designed or manufactured in such a manner that rendered it unsafe in a foreseeable accident.

49. As a direct and proximate result of the Defendants' breach of implied warranty of merchantability, the Plaintiffs have been injured and damaged as set forth above.

## Count 4:  Negligence

50. Plaintiff incorporates all prior paragraphs.

10

51.     The Defendants were negligent, careless, reckless, willful, and/or wanton in:

    a.  Failing to properly design the vehicle;

    b.  Failing to properly assemble the vehicle;

    c.  Failing to properly test the vehicle;

    d.  Placing a defective and unreasonably dangerous product into the stream of commerce;

    e.  Having a seat, seatback, seat track and recliner system which is inadequately designed and constructed and fails to provide a reasonable degree of occupant protection;

    f.  Failing to design the restraint system and airbag systems of the Versa in a manner to properly restrain and protect its occupants;

    g.  Failing to adequately warn Plaintiffs, other consumers, or the public in general about the safe and defective condition and design of the vehicle so that individuals like Plaintiffs could make informed and prudent decisions regarding traveling or riding in such vehicles; and

    h.  Failing to implement safe, technologically feasible, and economically practical design alternatives which would have mitigated or cured the design defects noted above.

52.    As a direct and proximate result of the Defendants' negligence, carelessness and recklessness, the Plaintiffs have been injured and damaged as above stated.

## Count 5:

## Loss of Consortium

53. Plaintiff incorporates all prior paragraphs.

54. Plaintiff Janet Foster is the spouse of Alan Foster.

55. As a result of the conduct by Defendants, Alan Foster has experienced significant past and future pain and suffering and permanent disability and ultimately death.

56. Alan Foster's injuries have impacted the Foster's marital relationship and Janet Foster has suffered damages as a result including loss of consortium and impairment of her rights to the companionship, aid, services, and society of her spouse.

**RELIEF REQUESTED**

57.Plaintiff incorporates all paragraphs above as if fully stated herein.

Wherefore, Plaintiff asks for judgment against these Defendants as follows:

      a. for actual damages according to proof, including incurred medical costs, gratuitous nursing services, and any other that may be proven at trial;

      b. for wrongful death damages as provided by S.C. Code § 15-51-10, et seq. and the common law of South Carolina to include the following losses of the statutory beneficiaries of Alan Foster: pecuniary loss; loss of economic support for family; loss of family services; mental shock and suffering; wounded feelings; grief and sorrow; loss of companionship; and deprivation of the use and comfort of the intestate's society, loss of his experience,

      c. for other compensatory damages permitted by law including damages for physical and mental pain and suffering including those damages sustained by Alan Foster prior to his death which survive to his estate under S.C. Code § 15-5-90;

      d. for punitive damages as determined by the trier of fact should discovery reveal willful and wanton conduct by Defendants;

e.     for all costs of Court; and

f.     for such other relief as the trier of fact deems just and proper.

**JURY TRIAL DEMANDED**

Trial by jury is demanded as to all issues set forth herein to the extent permitted by law.

Respectfully submitted,

**RICHARDSON, THOMAS, HALTIWANGER, MOORE & LEWIS, LLC**

s/ Chris Moore_____
Chris Moore (FBN 10445)
1513 Hampton Street
Columbia, South Carolina 29201
(803) 541-7838
 (803) 541-9625
chris@richardsonthomas.com

**THE COOPER FIRM**

s/  Lance A. Cooper_____
Lance A. Cooper (to be admitted PHV)
Rebekah E. Cooper (to be admitted PHV)
Patrick A. Dawson (to be admitted PHV)
531 Roselane Street, Suite 200
Marietta, Georgia  30060
(770) 427-5588
lance@thecooperfirm.com
rebekah@thecooperfirm.com
pat@thecooperfirm.com

Dated: January 18, 2023     **ATTORNEYS FOR PLAINTIFF**

14