IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Janet Foster, Individually and as Administratrix of the Estate of Alan Foster, Deceased, | ) ) ) ) | C/A NO. 4:22-cv-02396-JD |
| Plaintiff, | ) ) | **VERDICT FORM** |
| vs. | ) ) | |
| Kia Corporation, | ) ) | |
| Defendant. | ) | |

Members of the jury:

Your answers must be unanimous. Answer each question only as directed and refer to the Court's jury instructions for the governing definitions and burdens of proof. For purposes of this form, "occupant restraint system" means the driver's seat, seatback, and head-restraint system at issue.

## PART I - NEGLIGENT DESIGN

**Question 1**

Did Plaintiff prove by a preponderance of the evidence that Kia, as the manufacturer of the 2021 Kia Forte, acted unreasonably at the time of manufacture in designing the occupant restraint system?

YES _____     NO __✓__

*If NO, proceed to Part V. If YES, answer Question 2.*

**Question 2**

Did Plaintiff prove by a preponderance of the evidence either or both of the following?

**(a)**    When the occupant restraint system left Kia's control, did Kia unreasonably fail to adopt a safer, practical, feasible, and otherwise reasonable alternative design that could then have been reasonably adopted and that would have prevented or substantially reduced the risk of harm without substantially impairing the usefulness, practicality, or desirability of the product?

    YES _____        NO _____

**(b)**    When the occupant restraint system left Kia's control, was its design so unreasonable that a reasonable person, aware of the relevant facts, would not use a product of that design?

    YES _____        NO _____

*If both answers are NO, proceed to Part V. If either answer is YES, answer Question 3.*

**Question 3**

Did Plaintiff prove by a preponderance of the evidence that Kia's unreasonable design was a proximate cause of enhanced injuries sustained by Alan Foster?

    YES _____        NO _____

*If NO, proceed to Part V. If YES, proceed to Part II.*

## PART II - LOSS OF CONSORTIUM

Did Plaintiff prove by a preponderance of the evidence that Kia's negligent design was a proximate cause of Janet Foster's loss of the marital services, society, affection, companionship, or sexual relations of Alan Foster during the period between his injury and his death?

    YES _____        NO _____

*Proceed to Part III.*

2

## PART III - COMPENSATORY DAMAGES

### A.    Enhanced-Injury Damages

What amount of compensatory damages, if any, did Plaintiff prove by a preponderance of the evidence would fairly compensate for the enhanced injuries sustained by Alan Foster as a proximate result of Kia's negligent design during the period between the collision and his death?

$ _____

### B.    Loss-of-Consortium Damages

*Answer this question only if you answered YES in Part II.*

What amount of compensatory damages, if any, did Plaintiff prove by a preponderance of the evidence would fairly compensate Janet Foster for her loss of consortium during the period between Alan Foster's injury and his death?

$ _____

*Proceed to Part IV.*

## PART IV - PUNITIVE DAMAGES

*Answer Part IV only if you found for Plaintiff on the negligent-design claim in Part I.*

### Question 1

Did Plaintiff prove by clear and convincing evidence that Kia engaged in willful or wanton conduct?

YES _____          NO _____

*If NO, proceed to Part V. If YES, answer Question 2.*

3

**Question 2**

Did Plaintiff prove by a preponderance of the evidence that Kia's willful or wanton conduct was related to the enhanced injuries sustained by Alan Foster for which you awarded compensatory damages?

YES _____          NO _____

*If NO, proceed to Part V. If YES, answer Question 3.*

**Question 3**

Did Plaintiff prove by a preponderance of the evidence that one or more officers, directors, or managers of Kia Corporation participated in or condoned the willful or wanton conduct?

YES _____          NO _____

*If NO, proceed to Part V. If YES, answer Question 4.*

**Question 4**

What amount of punitive damages, if any, do you award against Kia Corporation? Write "None" if you elect not to award punitive damages.

$ _____

### PART V - CERTIFICATION

We, the jury, unanimously agree to the answers recorded above.

Date: 7/29/2026

Foreperson                              _____

4